Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net

Attorney for the Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re                                       Case No. 09-11955

John Gonzalez                               Chapter 11
Beverly Yates

    Debtors.
_____/

# DEBTORS' PLAN OF REORGANIZATION
**(July 10, 2009)**

This Plan of Reorganization (hereinafter this "Plan") is proposed by John Gonzalez and Beverly Yates (collectively "the Debtors"). Through this Plan the Debtors seeks to resolve and reorganize their financial affairs. Please refer to the accompanying Disclosure Statement for a discussion of the history, assets and liabilities, and for a summary and analysis of this Plan. All creditors are encouraged to consult the Disclosure Statement before voting to either accept or reject this Plan.

Dated: July 10, 2009

                                              /s/ *Michael C. Fallon*
                                              _____
                                              Michael C. Fallon
                                              Attorney for The Debtors

# I
## Definitions

The following terms when used in this Plan shall, unless the context otherwise requires, have the following meaning:

"Administrative Expense" shall mean those expenses described in Section 503 of the Bankruptcy Code.

"Allowed Claim" shall mean a claim (a) for which a proof of claim was timely file with the Court, or (b) scheduled in a list of creditors, or amendment thereto, prepared and filed with the Court pursuant to Rule 1007 of the Bankruptcy Rules of Procedure and not listed as disputed, contingent or unliquidated, and in either case as to which no objection has been filed or the claim is allowed by Final Order or deemed allowed by this Plan.

"Allowed Priority Claim" shall mean an allowed claim for which the holder asserts and is determined to be entitled to priority under Section 507 of the Bankruptcy Code.

"Allowed Secured Claim" shall mean an allowed claim that is secured by a valid lien on property of the Debtor. That portion of such claim exceeding the value of security held therefore shall be an allowed unsecured claim except as modified by this Plan.

"Allowed Unsecured Claim" shall mean an allowed claim against the Debtor which is not an allowed priority claim or an allowed secured claim.

"Bankruptcy Code" shall mean Title 11 of the United States Code and shall also include Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, or other court or forum as may be vested with original jurisdiction to confirm plans of reorganization under Chapter 11 of the Bankruptcy Code and to adjudicate matters with respect to such plans.

"Bar Date" shall mean October 22, 2009, which is the date established by the Bankruptcy Court for all creditors to file a Proof of Claim.

"Bernard Street" shall mean 271-273 Bernard Street, Bakersfield, California.

"Cheerio Lane" shall mean 8 Cheerio Lane, Asheville, North Carolina.

"Claim or Claims" shall mean a right to payment from the Debtors, which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or if a proof of claim is not filed, a right which otherwise appears in the applicable schedules of the Debtor and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by Final Order of the Court pursuant to the terms of the Plan.

"Confirmation" shall mean entry of an order by the Bankruptcy Court confirming this Plan.

"Debtors" or "Debtors-In-Possession" shall mean John Gonzalez and Beverly Yates.

"Effective Date" shall mean means the date the Order Confirming Plan becomes a Final Order.

"Estate" shall mean all of the Debtors' now existing legal or equitable interests in any nonexempt tangible or intangible property, whether real or personal.

"Fairview Road" shall mean 454 Fairview Road, Asheville, North Carolina.

"Final Order" shall mean an order or judgment of a court of appropriate jurisdiction as to which (a) an appeal has affirmed the order, (b) an appeal of the order has been dismissed, (c) the time for appeal has expired and a notice of appeal has not been filed timely.

"Lien" shall mean any charge against or interest in property of the Estate to secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

"Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, supplemented or modified.

"Portofino Road" shall mean 13 Portofino Road, San Rafael, California.

"Sunset Avenue" shall mean 2902-2908 Sunset Avenue, Bakersfield, California.

"Terrace Way" shall mean 1219 Terrace Way, Bakersfield, California.

## II

## Introduction

This Plan designates fifteen (15) classes of Claims, other than administrative fees and

expenses, claims of governmental units and wage claims which are unclassified, and it specifies which of those classes are impaired by the Plan and which classes are not impaired. The Plan provides the means for its implementation by vesting the assets of the Estate in a Liquidating Agent on the Effective Date of the Plan and providing for the liquidation of the assets as provided in the Plan. The manner, amount, and timing of distributions to each creditor is determined by the provisions of the Plan. The provisions of the confirmed Plan bind the Debtor, and the creditors of the Debtor, whether or not they have accepted the Plan and whether or not they are impaired by the Plan. Distributions under the Plan are in exchange for, and in complete satisfaction of, existing Claims and will discharge and release all such Claims and Liens as against the Debtor, except as otherwise provided in the Plan. On and after the Effective Date, all holders of impaired Claims and Interests shall be precluded from asserting any Claim against the Debtor or her property based on any transaction or other activity of any kind that occurred prior to commencement of the case, except as otherwise provided for under this Plan.

## III

## Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

Class 1 - County of Kern. Real Property Taxes Sunset Avenue.

Class 2 - Countrywide Home Lending. Trust Deed Sunset Avenue.

Class 3 - Redwood Credit Union. Trust Deed Sunset Avenue.

Class 4 - County of Marin. Real Property Taxes Portofino Road.

Class 5 - Indymac Federal Bank. Trust Deed Portofino Road.

Class 6 - Citbibank. Trust Deed Portofino Road.

Class 7 - Central Mortgage. Trust Deed Terrace Way.

Class 8 - Hiawatha Calhoun. Trust Deed Terrace Way.

Class 9 - Countrywide Home Lending. Trust Deed Bernard Street.

Class 10 - Countrywide Home Lending. Trust Deed Fairview Road.

Class 11 - Countrywide Home Lending. Trust Deed Cheerio Lane.

Class 12 - Countrywide Home Lending. Trust Deed Cheerio Lane.

Class 13 - Redwood Credit Union. 2007 Toyota Prius.

Class 14 - Allowed Unsecured Claims.

Class 15 - The Debtors.

## IV

## Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of such a claim shall be distributed on the later of the following dates:

(1) The Effective Date; or

(2) As soon as practical after the order allowing the claim becomes a Final Order, if the claim is disputed or if applicable provisions of the Bankruptcy Code otherwise require Bankruptcy Court approval.

## V

## Treatment and Provision for Each Class of Claims

Each class of Claims or interests shall be dealt with in the manner set forth below.

**Unimpaired Classes:**

Class 15. The Debtors: The Debtors shall retain their interest in all assets that are exempt and all assets that are not exempt.

//

Case: 09-11955   Doc# 39   Filed: 07/10/09   Entered: 07/10/09 12:54:02   Page 5 of 12

4   DEBTORS' PLAN OF REORGANIZATION

**Impaired Classes**

Class 1: County of Kern. The delinquent real property taxes shall be paid in sixty (60) equal monthly installments commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter until paid in full. Payments shall include interest at the statutory rate under 11 U.S.C. §§ 506(b) and 511. All post-confirmation taxes shall be paid timely and in full. The County of Kern shall retain its lien on Sunset Avenue until the entire sum is paid in full.

Class 2: Countrywide Home Lending. Countrywide Home Loans (Bank of America). The Debtors shall make, execute and deliver to Bank of America an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, John Gonzalez and Beverly Yates, promise to pay to Countrywide Home Lending (Bank of America), or order, at a place that may be designated by Beneficiary, the sum of Two Hundred Seventy Five Thousand Dollars ($275,000) with interest on the unpaid principal at the rate of Six Percent (6.0%) per annum from September 1, 2009, payable in 360 installments of $1,650 beginning on October 1, 2009, and continuing monthly thereafter until September 30, 2039, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Countrywide Home Lending (Bank of America shall) retains its lien on Sunset Avenue until paid in full as provided in this Plan and the modified Promissory Note and Security Agreement.

Class 3: Redwood Credit Union. The Debtors will file their motion pursuant to FRBP Rule 3012 and 11 USC § 506 to request that the court determine the value of the lien held by Redwood Credit Union. The Debtors contend Redwood Credit Union should be paid as a general unsecured claim because its lien has no value. The motion will further request that the court avoid the lien upon entry of discharge.

Class 4: County of Marin. The delinquent real property taxes shall be paid in sixty (60) equal monthly installments commencing on the first day of the first full month following the Effective Date and continuing on the first day of each month thereafter until paid in full.

Payments shall include interest at the statutory rate under 11 U.S.C. §§ 506(b) and 511. All post-confirmation taxes shall be paid timely and in full. The County of Marin shall retain its lien on Portofino until the entire sum is paid in full.

Class 5: Indymac Federal Bank. The Debtors will pay Indymac in full without modifying either the Promissory Note and Security Agreement or the Deed of Trust except that the pre-petition accrued delinquency will be paid without interest in forty-eight (48) equal monthly installments commencing the first month following the Effective Date and continuing on the first day of each month thereafter until the delinquency has been paid in full. Indymac shall retain its lien on Portofino Road until paid in full.

Class 6: Citibank. The Debtors will file their motion pursuant to FRBP Rule 3012 and 11 USC § 506 to request that the court determine the value of the lien held by Citibank. The Debtors contend Citibank should be paid as a general unsecured claim because its lien has no value. The motion will further request that the court avoid the lien upon the entry of discharge.

Class 7: Central Mortgage. The Debtors shall make, execute and deliver to Central Mortgage an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, John Gonzalez and Beverly Yates, promise to pay to Central Mortgage, or order, at a place that may be designated by Beneficiary, the sum of Eighty Thousand Dollars ($80,000) with interest on the unpaid principal at the rate of Six Percent (6.0%) per annum from September 1, 2009, payable in 360 installments of $480 beginning on October 1, 2009, and continuing monthly thereafter until September 30, 2039, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Citibank retains its lien on Terrace Way until paid in full as provided in this Plan and the modified Promissory Note and Security Agreement.

Class 8: Hiawatha Calhoun. The Debtors will file their motion pursuant to FRBP Rule 3012 and 11 USC § 506 to request that the court determine the value of the lien held by Citibank. The Debtors contend Hiawatha Calhoun should be paid as a general unsecured claim

because its lien has no value. The motion will further request that the court avoid the lien upon the entry of discharge.

Class 9: Countrywide Home Lending. Countrywide Home Loans (Bank of America). The Debtors shall make, execute and deliver to Bank of America an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, John Gonzalez and Beverly Yates, promise to pay to Countrywide Home Lending (Bank of America), or order, at a place that may be designated by Beneficiary, the sum of One Hundred Fifty Thousand Dollars ($150,000) with interest on the unpaid principal at the rate of Six Percent (6.0%) per annum from September 1, 2009, payable in 360 installments of $900 beginning on October 1, 2009, and continuing monthly thereafter until September 30, 2039, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Countrywide Home Lending (Bank of America shall) retains its lien on Bernard Street until paid in full as provided in this Plan and the modified Promissory Note and Security Agreement.

Class 10: Countrywide Home Lending. Countrywide Home Loans (Bank of America). The Debtors shall make, execute and deliver to Bank of America an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, John Gonzalez and Beverly Yates, promise to pay to Countrywide Home Lending (Bank of America), or order, at a place that may be designated by Beneficiary, the sum of One Hundred Twenty-Four Thousand Dollars ($124,000) with interest on the unpaid principal at the rate of Six Percent (6.0%) per annum from September 1, 2009, payable in 360 installments of $744 beginning on October 1, 2009, and continuing monthly thereafter until September 30, 2039, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Countrywide Home Lending (Bank of America shall) retains its lien on Fairview Road until paid in full as provided in this Plan and the modified Promissory Note and Security

Agreement.

Class 11: Countrywide Home Lending. Countrywide Home Loans (Bank of America). The Debtors shall make, execute and deliver to Bank of America an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, John Gonzalez and Beverly Yates, promise to pay to Countrywide Home Lending (Bank of America), or order, at a place that may be designated by Beneficiary, the sum of One Hundred Thirty Seven Thousand Dollars ($137,000) with interest on the unpaid principal at the rate of Six Percent (6.0%) per annum from September 1, 2009, payable in 360 installments of $821 beginning on October 1, 2009, and continuing monthly thereafter until September 30, 2039, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Countrywide Home Lending (Bank of America shall) retains its lien on Cheerio Lane until paid in full as provided in this Plan and the modified Promissory Note and Security Agreement.

Class 12: Countrywide Home Loans: Countrywide Home Loans (Bank of America). The Debtors shall make, execute and deliver to Bank of America an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, John Gonzalez and Beverly Yates, promise to pay to Countrywide Home Lending (Bank of America), or order, at a place that may be designated by Beneficiary, the sum of Eleven Thousand Five Hundred Dollars ($11,500) with interest on the unpaid principal at the rate of Seven Percent (7.0%) per annum from September 1, 2009, payable in 360 installments of $72 beginning on October 1, 2009, and continuing monthly thereafter until September 30, 2039, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Countrywide Home Lending (Bank of America shall) retains its lien on Cheerio Lane until paid in full as provided in this Plan and the modified Promissory Note and Security Agreement.

Class 13: Redwood Credit Union. The Debtors shall pay Redwood Credit Union fourteen thousand dollars ($14,000), together five percent interest (5%) on the unpaid principal balance, in forty-eight (48) equal monthly installments commencing the first full month following the Effective Date, and continuing on the first day of each month thereafter until paid in full as provided herein. Other than the modification of the payment terms the Promissory Note and Security Agreement shall not be modified; Redwood Credit Union shall retain its lien on the 2007 Toyota Prius.

Class 14: Allowed Unsecured Claims. The Allowed Unsecured Claims shall be paid nothing.

## VI

## Implementation of the Plan

**A. Vesting.**

On the Effective Date all property of the Estate shall be transferred to, and shall vest in the Debtors subject to the interests evidenced by the Security Interest and Liens preserved under the Plan and the Security Interest and Liens provided in the Plan. After the Effective Date, the Debtors may use, lease, license, transfer, sell, refinance, encumber, hypothecate, or dispose of any property. As of the Effective Date, all property vested in the Debtors shall be free and clear of all Claims of creditors, except the obligations that are imposed or preserved by this Plan.

**B. Means of Funding the Plan**

The Debtors will fund their plan from their current monthly earnings and the income they receive from their investment properties.

**C. Management.**

The Debtors will continue to manage their affairs.

**D. The Final Decree.**

The Debtors may apply for the entry of a Final Decree when they have substantially consummated this plan.

**E. The Chapter 11 Discharge.**

The Debtors may apply for the entry of their Chapter 11 Discharge following the

occurrence of the following events:

    1. The delivery of the addendums to the Promissory Note and Security Agreement to those lenders who rights have been modified;

    2. The payment of all Claims of Administration and all Priority Claims;

    3. The payment of the Allowed General Unsecured Creditors as provided herein..

## VII

### Default

The Debtors shall pay each Allowed claim as provided by the Plan, and the failure of the Debtors to pay any particular Allowed Claim within the time, or in the manner or amount provided by the Plan shall constitute a default in performance of the Plan. If the default is not cured within ten days of such written notice of default, then the party giving the written notice may either (1) pursue its remedies under the laws of the State of California, or (2) file a motion in the Bankruptcy Court to convert the case to Chapter 7. In the event this Chapter 11 case is converted to Chapter 7 after confirmation of the Plan, all assets of the Debtor shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

## VIII

### Reservation of Claims and Defenses

All claims and defenses, including objections to claims, that existed prior to confirmation, the Reserved Claims and Defenses are reserved in the Debtors. The Retained Claims and Defenses shall consist of any and all claims, interest, causes of action, defenses, counter claims, cross claims, third party claims, or rights of offset, recoupment, subrogation, or subordination held by the Debtor or the bankruptcy estate, including, but not limited to, any claims pursuant to Bankruptcy Code Sections 502, 544, 545, 547, 548, or 549, any avoiding powers arising under the Bankruptcy Code or other applicable law and any claims or causes of action. None of the Retained Claims or Defenses shall be barred or estopped because the Plan or the Disclosure Statement does not specifically identify or describe a Retained Claim or Defense or the person against whom a retained claim or defense may be asserted.

//

# IX

## Executory Contracts

All of the Executory Contracts scheduled by the Debtors are assumed by the Debtors and shall be performed without modification.

# X

## Retention and Jurisdiction By the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction for the following purposes:

1. The allowance or disallowance of Claims;

2. The rejection, pursuant to sections 365 and 1123 of the Bankruptcy Code, of executory contracts or unexpired leases in accordance with Article VI of the Plan;

3. Resolution of controversies or disputes regarding requests for payment of Administrative Claims, compensation of Professionals, or the costs and expenses allowed under the Plan;

4. The Resolution of controversies or disputes regarding the interpretation of any provision of the Plan;

5. The Implementation of the provisions of the Plan and the entry of orders in aid of confirmation or consummation of the Plan;

6. Modification of the Plan pursuant to section 1127 of the Bankruptcy Code;

7. Adjudication and determination of any fraudulent conveyance and preference claim under the Bankruptcy Code or under any other applicable law, including but not limited to claims under Bankruptcy Code sections 542, 543, 544, 545, 547, 548 or 549.

8. Adjudication of any causes of action belonging to the Estate or to the Committee to the extent permissible under sections 1334 and 157 of title 28 of the United States Code;

9. Entry of an order closing this Chapter 11 case and of a final decree herein; and

10. Any other matter necessary or appropriate for the completion or the implementation of this Plan or the foregoing items.

Dated:   July 10, 2009                              /s/ *Michael C. Fallon*

                                                    _____
                                                    Michael C. Fallon
                                                    Attorney for the Debtors